62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efrain J. LARGAESPADA-CASTELLANOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Efrain J. Largaespada-Castellanos, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying Largaespada-Castellano's application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting him voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 * Background
 
 
 4
 On August 1, 1989, the Immigration and Naturalization Service ("INS") issued Largaespada-Castellanos an order to show cause why he should not be deported as an alien who had entered the United States without inspection in violation of section 241(a)(2) of the INA, 8 U.S.C. Sec. 1251(a)(2). Largaespada-Castellanos, represented by counsel, conceded deportability, but sought asylum and withholding of deportation or in the alternative voluntary departure.
 
 
 5
 Although Largaespada-Castellanos's testimony before the IJ and his statements in his two asylum applications are not altogether consistent, his claims can be summarized as follows. Largaespada-Castellanos left Nicaragua in 1986 using a passport containing a false name and age. Largaespada-Castellanos testified that he was denied a passport under his real name because of the problems he and his family had experienced with the Sandinista regime. In response to the IJ's questioning, however, he admitted that the reason he could not obtain a passport under his real name was that he had not completed his compulsory military service and that by changing his age from 22 years-old to 28 years-old he would not be required to show proof of military service.
 
 
 6
 Largaespada-Castellanos also testified that he had been a member of Samoza's Liberal Party's youth organization and that his mother and father had been members of the Liberal Party. He stated that when he and his family refused to join the Committee for the Defense of the Sandinistas ("CDS") or to participate in CDS rallies, they were targeted for reprisals by the CDS, including demonstrations in front of the family's house, confiscation of the family's food ration card, and eventually the loss of his father's business license for a bakery. His father continued to operate the bakery for a period of time by purchasing supplies on the black market for higher prices. Largaespada-Castellanos also stated that his uncle, who lived in another town, died in 1984, three months after he was put in prison for a two-year sentence because his two sons had been in Samoza's National Guard.
 
 
 7
 Largaespada-Castellanos also testified that he was forced to leave school because of his affiliation with the Liberal Party's youth organization. He also claimed that he had problems with the union at his job because they wanted him to attend meetings and to demonstrate and that he eventually left his job because of these problems.
 
 
 8
 Largaespada-Castellanos testified that he was never jailed or physically harmed while in Nicaragua.
 
 
 9
 The IJ's found that the incidents alleged by Largaespada-Castellanos did not establish a well-founded fear of future persecution on account of political opinion or any other enumerated ground. Consequently, the IJ denied Largaespada-Castellanos's application for asylum and withholding of deportation, but granted him voluntary departure.
 
 
 10
 The BIA reviewed the entire record, adopted the IJ's decision, and went on to find that Largaespada-Castellanos had failed to show either a well-founded fear of future persecution or past persecution warranting asylum or withholding of deportation. Largaespada-Castellanos timely petitions for review.
 
 II
 Analysis
 A. Scope and Standard of Review
 
 11
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision" along with the BIA's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir. 1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir. 1995).
 
 B. Merits
 
 12
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence of facts showing a reasonable fear of persecution"' on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988) (per curiam)).
 
 
 13
 Here, substantial evidence supports the BIA's determination that Largaespada-Castellanos failed to meet his burden of proof. The evidence presented by Largaespada-Castellanos, at most, shows that he suffered some economic and educational discrimination based on his political opposition to the Sandinista regime. See Saballa-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir. 1985) (confiscation of his food ration card did not amount to persecution); Raas v. INS, 692 F.2d 596, 596 (9th Cir. 1982) (asylum claim requires more than "generalized economic disadvantage"). This is not a situation in which the economic deprivation was so severe that Largaespada-Castellanos was deprived the necessities of life. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir. 1969). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Largaespada-Castellanos] was subject to persecution." See Prasad v. INS, 47 F.3d 336, 339 (9th Cir. 1995).[1]
 
 
 14
 In any event, Largaespada-Castellanos's application for asylum is further undermined by the changes in Nicaragua since 1990 when the Sandinista government was voted out of office, military conscription was ended, and participation in Sandinista organizations and events was no longer required.[2]
 
 
 15
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Largaespada-Castellanos has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Largaespada-Castellanos's claim is based on persecution suffered by his family, this claim fails too. While persecution or "acts of violence against an [alien's] friends or family may establish a well-founded fear" of persecution, see Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991), it "do[es] not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the [alien]." Prasad, 47 F.3d at 340. Here, no such pattern or connection has been shown
 Likewise to the extent Largaespada-Castellanos contends that he is entitled to asylum based solely on past persecution, this claim fails too. While past persecution alone may be sufficient, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int. Dec. 3104 at 4 (BIA 1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir. 1988). Here, no such showing was made.
 
 
 [2]
 On petition for review, Largaespada-Castellanos contends that the IJ erred by taking administrative notice of certain changes in the Nicaraguan political situation since 1990. This claim fails on several grounds. First, the IJ did not rely on the change in government in denying Largaespada-Castellanos's application for asylum. Second, Largaespada-Castellanos did not raise this issue before the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir. 1987). Third, administrative notice of the changed circumstances would not have violated Largaespada-Castellanos's due process rights because he had notice and an opportunity to respond. See Acewicz, 984 F.2d at 1060-61 (BIA can take administrative notice of changed circumstances if the alien is given notice and an opportunity to respond); Castillo-Villagra v. INS, 972 F.2d 1017, 1018 (9th Cir. 1992)
 Finally, Largaespada-Castellanos argues that the IJ did not take administrative notice that the Sandinistas still controlled the military and police. Based on his own testimony, however, Largaespada-Castellanos was not detained, arrested, imprisoned, or physically assaulted by the military or the police, nor did he introduce any evidence that he would have a reasonable fear of such persecution should he return to Nicaragua. Given these circumstances, this claim has no merit.